RECEIVED
MAR 2 8 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO.: 1:16-cr-00124-01 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| THERON DELAWENCE JOHNSON | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the court is a motion to dismiss indictment filed *pro se*[1] by the defendant, Theron Delawence Johnson ("Johnson").

### Background

On February 18, 2016, Johnson was arrested and detained for violating the terms of his supervised release.[2] Johnson admitted to the six violations charged in the Petition for Revocation, none of which appeared as offenses and/or charges set forth in the indictment giving rise to this matter. On March 8, 2016, Johnson was sentenced to eight months in federal custody and an additional 1 year of supervised release. (Id. at Doc. 97). Johnson completed that sentence on or about October 19, 2016.

On May 25, 2016, Johnson was indicted by a federal grand jury for narcotics offenses committed August 27, 2015 through November 27, 2015. The indictment remained sealed until June 8, 2016. Johnson received notice from his attorney of the indictment the following day.

---

[1] Johnson retained Darrell Hickman to represent him in this matter; however, Johnson filed this motion without assistance of Mr. Hickman.
[2] Johnson was on supervised release following his imprisonment for a federal narcotics conviction in this court, Docket Number 1:06-cr-10014.

On July 6, 2016, the U.S. Marshal served Johnson with an arrest warrant, in compliance with Fed.R.Crim.P 4(c), and Johnson was formally arraigned.[3]

Johnson filed the instant motion on February 28, 2017 alleging the indictment should be dismissed as it was not filed in compliance with the Speedy Trial Act, was not signed by the appropriate Government attorney at the time of his initial appearance and arraignment, and was improperly served. The United States filed an opposition to the motion and the matter is ripe for consideration and ruling.

## Law and Analysis

Johnson alleges the indictment should be dismissed because it does not comply with the terms of the Speedy Trial Act, 18 U.S.C. §§3161, *et seq.* Johnson contends the indictment was not filed within 30 days of his arrest as required by 18 U.S.C. §3161(b). Johnson misinterprets the applicability of this section of the statute. Section 3161(b) applies to those instances where an indictment or charge was not issued prior to the defendant's arrest. United States v. Perez, 845 F.2d 100, 101 (5th Cir.1988). Additionally, Johnson fails to understand that his arrest for supervised release violations is separate and distinct from the indictment which led to this case. As explained by the Second Circuit in United States v. Patterson, 135 Fed.Appx. 469, 473-74 (2nd Cir.2005), speedy trial delays do not commence to run until an indictment is filed. Even when the charges in the indictment stem from the same facts which led to an arrest for supervised release violations, the offenses are considered separate and the delays set forth in 18 U.S.C. §3161 have no application. Accordingly, there is no speedy trial violation.

Johnson's argument that his Fifth Amendment rights were somehow violated because Assistant U.S. Attorney Allison D. Bushnell wasn't present at arraignment, and, therefore, could

---

[3] The arraignment was originally scheduled for June 24, 2016 but defense counsel requested a continuance.

not have signed the indictment is also misplaced. While Fed.R.Crim.P. 7(c)(1) requires an indictment be signed by "an attorney for the Government", there is no requirement that it be signed by the attorney who handles the matter much less that it be signed at the time a defendant appears for initial appearance and/or arraignment. As noted by the Government, the purpose of the signature by "an attorney for the Government" is to ensure the United States joins with the Grand Jury in issuing an indictment. United States v. Cox, 342 F.2d 167, 172 (5th Cir.1965).

Finally, we address Johnson's allegation that service of the indictment was improper because notice was mailed to his attorney. This allegations also lacks merit. Johnson was properly served on July 6, 2016 by the United States Marshal's Service with the arrest warrant issued by United States Magistrate Judge Hornsby on the date the indictment was filed, May 25, 2016. See Fed.R.Crim.P. 4(c). For all of the foregoing reasons, it is hereby

**ORDERED** that Johnson's Motion to Dismiss Indictment (Doc. 112) is **DENIED**. Trial of this matter will commence as scheduled on April 10, 2017 at 9:30 a.m.

**SIGNED** at Alexandria, Louisiana this 28th day of March, 2017.

                                                **DEE D. DRELL, CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**