UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 1:16-CR-00124-1 |
| **VERSUS** | JUDGE DRELL |
| **THERON JOHNSON** | MAGISTRATE JUDGE PEREZ-MONTES |

**RULING AND ORDER**

Before the court is a motion entitled "Motion to Reduce or Modify Sentence, 18 U.S.C. 3582(c)(1)(A)" filed by defendant Theron Johnson ("Defendant" or "Johnson"). (Doc. 240). The government timely filed its response in opposition to Defendant's motion. (Doc. 244). Defendant provided a reply to the government's response. (Doc. 245). The motion is, accordingly, fully briefed and properly before the court for disposition. Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

**I.     Background**

On May 25, 2016, Johnson was named in three counts of a seven count indictment filed in the U.S. District Court for the Western District of Louisiana. (Doc. 1). Johnson was detained and placed in custody of the U.S. Marshal Service on July 6, 2016. On April 10, 2017, Defendant plead guilty to count one of the indictment, specifically conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(b)(1)(A). (Doc. 154). On November 13, 2017, this Court sentenced Johnson to 241 months with credit for all time served in custody. Johnson is currently incarcerated at FCI Yazoo City Low, a Bureau of Prisons ("BOP") facility in Yazoo City Mississippi.

1

Johnson is seeking compassionate release because of the COVID-19 pandemic and underlying medical conditions which increase Johnson's risk of severe illness from COVID-19.

**II.  Law and Analysis**

The compassionate release provision, as amended by the First Step Act of December 2018, provides in relevant part:

> (c) Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>>
>> (i) extraordinary and compelling reasons warrant such a reduction ...
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ...

18 U.S.C. §3582 (c)(1)(A).

The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). The court must then find, after consideration of the factors set forth in 18 U.S.C. § 3553(a) that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) any sentence reduction is consistent with applicable Sentencing Commission policy. 18 U.S.C. §3582 (c)(1)(A). Because the factors set forth in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy present consistent concerns, each will be discussed together.

A. Exhaustion of Remedies

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as "compassionate release" motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The First Step Act amended § 3582(c) to provide an inmate an avenue to file a compassionate release motion on his own behalf after being denied relief by the BOP. Prior to the First Step Act, an inmate's only avenue to compassionate release was through the filing of a motion on his behalf by the BOP. United States v. Cantu, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019). The exhaustion requirement for motions filed directly by an inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, the court will consider the inmate's administrative remedies fully exhausted. 18 U.S.C. §3582(c)(1)(A).

Evidence before the court establishes that Johnson did exhaust his administrative remedies regarding this claim for compassionate release. On September 28, 2020, Johnson submitted a request for compassionate release to the Warden of FCI Yazoo City Low. After receiving no response to the request, on November 16, 2020, Johnson filed the instant motion. (Doc. 240-1; Doc. 244 p. 3). Accordingly, failure to exhaust is not at issue in this case.

B. Extraordinary and Compelling Reasons

3

A court must also find that "extraordinary and compelling reasons" warrant the requested reduction. 18 U.S.C. §3582(c)(1)(A). 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

Turning to the Guidelines, U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), explains that a reduction is authorized when the court determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community. Under § 1B1.13 Application Note 1, the following are deemed extraordinary and compelling reasons: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Johnson's motion contends that his medical conditions, which are normally manageable by the BOP health care system, increase his risk of severe illness from COVID-19. Courts have concluded that extraordinary and compelling reasons warranting release exist where (1) defendant has underlying health complications that will or may increase the risk of severe illness from COVID-19, and (2) the BOP facility in question is either not taking proper precautions to protect the inmates from COVID-19 or despite precautionary steps the spread of COVID-19 within the BOP facility is uncontrollable. See United States v. Samuels, 2020 WL 7265378, *4 (W.D.La, 2020)(concluding defendant presented extraordinary and compelling reasons to warrant his release

4

after finding (1) defendant was diagnosed with conditions which increase the risk of severe illness from COVID-19, and (2) an increase of 65 cases of COVID-19 among inmates within his BOP facility within a four day period.); See also United States v. Ullings 2020 WL 2394096, *4-5 (N.D. Ga, 2020)(concluding defendant presented extraordinary and compelling reasons to warrant his release after finding (1) defendant was diagnosed with conditions which increase the risk of severe illness from COVID-19, and (2) the facility in which defendant was detained was not practicing precautionary steps to curb the spread of COVID-19 including socially distancing inmates and requiring guards and inmates to properly wear facemasks when feasible.)

Johnson alleges and the United States concedes that he is diagnosed with diabetes and that diabetes increases the risk of severe illness from COVID-19.

Regarding the management of COVID-19 within FCI Yazoo City Low, this Court understands each BOP facility is battling the COVID-19 pandemic the best it can with the resources it has available. The Court also recognizes that the BOP has made "extensive and professional efforts to curtail the virus's spread," see United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020), and that its operational procedures have been modified to combat any further spread.

Nonetheless, Johnson alleges that on March 12, 2020, FCI Yazoo City Low was placed on lockdown for quarantine to prevent the spread of the COVID-19 virus. The United States neither rebuts this fact nor present any evidence as to (1) practices implemented by FCI Yazoo City Low to protect Johnson from contracting COVID-19 during incarceration, or (2) the spread or infection rate of COVID-19 within FCI Yazoo City low when Johnson filed his request in September.

Given these facts, as a first step in the analysis this Court finds the existence of extraordinary and compelling reasons which may warrant consideration of Johnson's release.

C. Consideration of § 3553(a) factors and Reduction Consistent with Policies of the Sentencing Commission

The government's response in opposition to Johnson's motion relies in significant part on the 18 U.S.C. § 3553(a) factors and the policies of the Sentencing Commission provided in U.S.S.G. § 1B1.13(2). (Doc. 166 at pp. 8-11). There is considerable overlap between the two and they will be discussed *en masse*.

18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution. In the context of compassionate release, other considerations include (8) risk of recidivism the defendant poses, (9) the time remaining on his sentence, (10) the quality of his release plan, and (11) the impact of the BOP's efforts to maintain the safety of inmates.

Applicable policies of the Sentencing Commission require that Johnson must no longer be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires consideration of (1) the nature and circumstances of the charge, (2) the weight of evidence against defendant, (3) the history and

characteristics of defendant, and (4) the nature and seriousness of the danger to any person of the community at large that would be posed by defendant's release.

The Presentence Report ("PSR") undeniably reflects a troubled criminal history for Johnson. On September 20, 2007 Defendant was sentenced to serve 108 months imprisonment with five years supervised release for possession with intent to distribute cocaine base. (PSR ¶ 10). On September 27, 2012, Johnson began his term of supervised release. (PSR ¶ 11). On September 4, 2015, within less than three years of supervised release, a confidential information advised agents that another was obtaining two to thee ounces of methamphetamine and four ounces of cocaine, per transaction, from Johnson. (PSR ¶ 16). The follow-up investigation lead to the charges against Johnson for which he is now incarcerated. (PSR ¶¶ 14-41).

Johnson's conduct presents a clear danger to the community. Moreover, a prior conviction and supervised release did not deter Johnson from continuing the illegal conduct. Having served less than five (5) years of a two hundred and forty one (241) month sentence, this Court does not find that compassionate release, at this time, will be justified after consideration of the § 3553(a) factors set forth above.

**Conclusion**

For the reasons enumerated above, it is hereby ORDERED that Johnson's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 21st day of January 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT