UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-cr-00124-01 |
| -vs- | JUDGE DRELL |
| THERON DELAWRENCE JOHNSON (01) | MAGISTRATE JUDGE PEREZ-MONTES |

Before the Court is a Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) ("Motion") filed by defendant, Theron Delawrence Johnson ("Johnson") (Doc. 289). The Government has filed an opposition to the Motion (Doc. 295) and Johnson has not filed a reply. This matter is ripe for consideration. For the reasons set forth below, Johnson's Motion is **DENIED**.

I.   BACKGROUND

On April 10, 2017, Johnson pleaded guilty to one count of conspiracy to distribute or possess with the intent to distribute 50 grams or more of methamphetamine, 500 grams or more of a mixture and substance containing methamphetamine, and an unspecified quantity of cocaine (aka "powder cocaine") and cocaine base (aka "crack"). (Docs. 1, 152, and 218). Johnson was on supervised release for a prior federal drug trafficking conviction when this offense occurred. (Doc. 219). The presentence report ("PSR") calculated Johnson's total offense level as 35, finding that sixty-two (62) ounces of methamphetamine (actual)[1] and twenty-one (21) ounces of powder cocaine were involved in the conspiracy.[2] (Doc. 219). Applying the drug conversion tables within

---

[1] The United States Sentencing Guidelines differentiate between pure methamphetamine, i.e. "methamphetamine (actual)" and substances or mixtures containing methamphetamine, i.e. "methamphetamine". For clarity purposes, the Court refers to substances and mixtures containing methamphetamine as "methamphetamine (mixture)".
[2] The PSR made no findings regarding a specific quantity of crack cocaine involved in the offense.

1

and a recommended guideline range of 188 to 235 months. (Id.). The retroactivity report also noted that Johnson had no disciplinary history while in the Bureau of Prison's ("BOP") custody and that he had attended multiple educational courses. (Id.). The Government and Johnson both filed memoranda regarding sentencing in response to the retroactivity report. (Docs. 280-81).

The Court issued an Order reducing Johnson's sentence to 235 months, within the sentencing guidelines' newly recommended range, after considering the retroactivity report and memoranda of the parties. (Doc. 282). Johnson filed a notice of appeal regarding his new sentence. (Doc. 284). The Federal Public Defender appointed to represent Johnson filed a motion to withdraw from the appellate action in accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Flores, 632 F.3d 229 (5th Cir. 2011) asserting that there was no non-frivolous issue for appellate review. (Doc. 291). Johnson did not respond, and the Fifth Circuit agreed that there was no non-frivolous issue for review. (Id.). The appeal was denied. (Id.).

Johnson has now filed a renewed motion for compassionate release or reduction in sentence. (Doc. 289). He alleges the following grounds combine to create an extraordinary and compelling basis for his early release:

>  (1) his health is deteriorating with age;
>
>  (2) his mother's health is in severe decline and he is the only available caregiver for her;
>
>  (3) his mother is currently the primary caregiver of his minor children and cannot continue to be so absent Johnson's assistance;
>
>  (4) his rehabilitation efforts and good behavior while incarcerated; and
>
>  (5) discrepancies between how actual methamphetamine and substances containing methamphetamine (methamphetamine (mixture)) are treated in the sentencing guidelines are improper.

policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(a)(1) factors if the Court finds that (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 US.C. § 3142(g); and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

### B. Evidentiary Standard

In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. See 18 U.S.C. § 3661; Witte v. United States, 515 U.S. 389, 397–401 (1995) (noting that sentencing courts have traditionally considered a wide range of information without the procedural protections of a criminal trial, including information concerning uncharged criminal conduct, in sentencing a defendant within the range authorized by statute). Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy. Id. at 399-401. Reliable hearsay evidence may be considered. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); see also U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."); see also United States v. Wood, No. 94-10217, 1995 U.S. App. LEXIS 43895, at *12 (5th Cir. Feb. 8, 1995) (quoting U.S.S.G. § 6A1.3, commentary (1993)). However, unreliable allegations are not considered. United States v. Young, 981 F.2d 180, 190 (5th Cir. 1992).

methamphetamine, then the appropriate guideline range would be whichever is higher, 10 kg of methamphetamine (mixture) or 5 kg methamphetamine (actual). See U.S.S.G. § 2D1.1, note (B) to drug quantity table.

Some courts have determined that the treatment of methamphetamine (actual) versus methamphetamine (mixture) produces inequitable and unusually long sentences for those sentenced in accordance with the sentencing guidelines and have elected to deviate from them. See e.g. United States v. Celestin, No. 21-125, 2023 U.S. Dist. LEXIS 25406, 2023 WL 2018004, at *3 (E.D. La. Feb. 15, 2023) (citations omitted); United States v. Robinson, No. 3:21-cr-14-CWR-FKB-2, 2022 U.S. Dist. LEXIS 231041, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022). These courts have contended that the difference in treatment exists because of a belief that the higher the concentration level of the narcotic, the higher the person in the chain of distribution. Celestin, 2023 U.S. Dist. LEXIS 25406, at *3 ("This distinction is made because the Guidelines use drug purity as a proxy for a defendant's culpability"); Robinson, 2022 U.S. Dist. LEXIS 231041, at *2 ("The U.S. Sentencing Guidelines use drug purity as a proxy for a defendant's culpability.").[4]

The Court has not undertaken a survey of all district court decisions that have taken issue with the disparate treatment of methamphetamine (actual) and methamphetamine (mixture). However, those cases appear to be predicated on a fundamental misunderstanding of Comment 27(C) to U.S.S.G. § 2D1.1 ("Comment 27(C)"), which provides for upward departures from the guidelines when certain controlled substances involved are of a particularly high purity. Indeed, as Celestin and Robinson suggest, Comment 27(C) does state that certain particularly high purity-

---

[4] The courts in Celestin and Robinson peculiarly quote from U.S.S.G. § 2D1.1 cmt. n. 27(C), which expressly does not refer to the possession or trafficking of methamphetamine. ("Trafficking in controlled substances, compounds, or mixtures of unusually high purity may warrant an upward departure, *except in the case of* PCP, amphetamine, *methamphetamine*, hydrocodone, or oxycodone for which the guideline itself provides for the consideration of purity….") (emphasis added).

extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

### III.   ANALYSIS

Johnson makes five assertions that he contends gives rise to extraordinary and compelling circumstances warranting a reduction in his sentence: (1) his deteriorating health, (2) his mother's deteriorating health and need for a caregiver, (3) he is the only available caregiver for his minor children in light of his mother's deteriorating health, (4) his good conduct while incarcerated, and (5) disagreement with the sentencing guidelines. He provides little to no evidence of these assertions.

Johnson, who is 47 years old, apparently suffers from hypertension, hyperlipidemia, and Type 2 diabetes. He supports this assertion with a medical report from 2019. He does not provide updated records. It is not clear who his current provider is or how these common conditions would rise to the level of extraordinary and compelling reasons. Johnson also indicates that he does not seek or receive his care through the BOP. The Court has already rejected similar arguments in its Order denying Johnson's first motion for compassionate release during the Covid-19 pandemic. The Court again considered these contentions during resentencing following amendments 821 and 825. These health conditions were insufficient during the pandemic and during resentencing – they remain so now.

Johnson claims that his mother is suffering from "severely failing health," needs dialysis three times a week and has a "heart problem." (Doc. 289). This is supported by a short letter from his mother stating the same. (Doc. 289-2). There is no evidence, however, that his mother is

Johnson fails to establish any extraordinary or compelling reasons for a reduction in his sentence. In light of the foregoing, it is

ORDERED that Johnson's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 10th day of February 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

11